UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARVIN D. RICHARD,<br><br>Petitioner,<br><br>v.<br><br>JOE GENTRY, *et al.*,<br><br>Respondents. | Case No. 2:18-cv-00181-KJD-NJK<br><br>ORDER |

In this habeas corpus action, after appointing counsel for the petitioner, Marvin D. Richard, and after Richard's counsel, as well as respondents' counsel, appeared, the Court entered a scheduling order for the case. *See* Order entered February 9, 2018 (ECF No. 4); Order entered March 16, 2018 (ECF No. 7). The scheduling order set a deadline, ninety days out, for Richard to file an amended petition. *See* Order entered March 16, 2018 (ECF No. 7).

On March 23, 2018, Richard filed an amended petition (ECF No. 8). On that date, Richard also filed a Motion to Reconsider Scheduling Order (ECF No. 12). In the motion for reconsideration of the scheduling order, Richard states that he filed the amended petition on March 23 in order to get it on file before the date on which he believes the applicable limitations period expires, and he requests that the scheduling order be revised to allow him to file a second amended petition. *See* Motion to Reconsider Scheduling Order (ECF No. 12). On March 26, 2018, respondents filed a notice (ECF No. 13) stating that they do not oppose Richard's motion.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading at any time with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy liberally. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Under the circumstances, and in light of respondents' non-opposition, the Court will grant Richard's motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Reconsider Scheduling Order (ECF No. 12) is **GRANTED**. The schedule for further proceedings will be as follows:

Payment of Filing Fee. Petitioner shall pay the $5 filing fee for this action on or before April 6, 2018.

Second Amended Petition. If necessary, petitioner shall file a second amended petition for writ of habeas corpus on or before July 6, 2018. The second amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition shall state how, when, and where that occurred. If petitioner determines that a second amended petition need not be filed, petitioner shall file a notice to that effect no later than July 6, 2018.

Response to Second Amended Petition. Respondents shall have 60 days following service of the second amended petition to file an answer or other response to the second amended petition. If petitioner does not file a second amended petition, respondents shall have 60 days following the due-date for the second amended petition to file an answer or other response to petitioner's amended petition.

Reply. Petitioner shall have 45 days following service of an answer to file a reply. Respondents shall thereafter have 30 days following service of a reply to file a response to the reply.

Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner shall have 60 days following service of the motion to file a response to the motion.

Respondents shall thereafter have 30 days following service of the response to file a reply.

Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file such motion concurrently with, but separately from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separately from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file a motion for an evidentiary hearing concurrently with, but separately from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file a response to that motion concurrently with, but separately from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 29 day of March, 2018.

KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE

3