UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARVIN D. RICHARD,

Petitioner,

v.

JOE GENTRY, *et al.*,

Respondents.

Case No. 2:18-cv-00181-KJD-NJK

**ORDER**

In this habeas corpus action, the petitioner, Marvin D. Richard, represented by appointed counsel, filed a second amended petition for writ of habeas corpus on October 4, 2018 (ECF No. 18). Respondents were to respond to the second amended petition by March 18, 2019. *See* Order entered January 31, 2019 (ECF No. 28).

On March 15, 2019, Richard filed a motion for leave to file a third amended petition (ECF No. 29). Respondents filed an opposition to that motion on April 5, 2019 (ECF No. 47). Richard replied on April 12, 2019 (ECF No. 49).

On March 15, 2019, Richard also filed a motion for leave to file an exhibit under seal (ECF No. 30). Respondents did not respond to that motion.

On March 18, 2019, Respondents filed a motion to dismiss (ECF No. 32), responding to Richard's second amended petition. Richard has not yet responded to that motion to dismiss; his response would be due May 17, 2019. *See* Order entered March 29, 2018 (ECF No. 14).

In his motion for leave to amend, Richard seeks leave of court to file a third amended habeas petition adding factual detail to one of his claims – a claim that, in

1

their motion to dismiss, Respondents argue is unexhausted in state court. Richard has attached to his motion a copy of the proposed third amended petition (ECF No. 29-1).

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading, beyond an initial amendment, with leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a policy of favoring amendments to pleadings, and courts should apply that policy liberally. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In deciding whether to grant leave of court to amend, a court may consider: any bad faith, undue delay, or previous amendments on the part of the petitioner; any potential prejudice to the opposing party; and the potential futility of the amended pleading. *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no indication of bad faith or undue delay with respect to Richard's motion to amend. While Richard has twice previously amended his petition, he has shown that there is reason for him to amend a third time, to include in his petition the newly developed further evidentiary basis for a claim. There is no showing of any unfair prejudice to the respondents if the amendment is allowed. Contrary to Respondents' argument, the Court determines that the requested amendment will not necessarily be futile. The Court finds that the question of the exhaustion of the subject claim will be better addressed in the context of a motion to dismiss than on this motion for leave to amend. In short, the Court finds that, in the interests of justice, leave to amend is warranted. The Court will grant Richard's leave to amend, will direct the Clerk to separately file the third amended petition, and will set a schedule for Respondents' response to the third amended petition.

The filing of the third amended petition will render moot the motion to dismiss the second amended petition, and the motion to dismiss the second amended petition will, therefore, be denied, without prejudice, on that ground. Respondents will be granted time to respond to Richard's third amended petition. That response may be a motion to

dismiss asserting any or all the arguments asserted in the motion to dismiss the second amended petition.

Turning to Richard's motion for leave to file an exhibit under seal, Richard requests, in that motion, leave of court to file under seal, as Exhibit 37, a copy of a supplement to a psychological evaluation regarding himself. There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes." *See Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). Richard asserts in his motion that the supplement to the psychological assessment should be filed under seal to protect his privacy, and out of respect for the state courts, which held the original evaluation under seal in his state post-conviction proceedings. The Court finds that there is good cause for Exhibit 37 to be filed under seal.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File Third Amended Petition (ECF No. 29) is **GRANTED**. The Clerk of the Court is directed to separately file the Third Amended Petition for a Writ of Habeas Corpus, which is attached to the motion at ECF No. 29-1.

**IT IS FURTHER ORDERED** that Respondents will have **30 days** from the date of entry of this order to respond to Petitioner's third amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered on March 29, 2018 (ECF No. 14) will remain in effect.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 32) is **DENIED**, without prejudice, as moot.

1     **IT IS FURTHER ORDERED** that petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 30) is **GRANTED**. Petitioner is granted leave of court to file Exhibit 37 under seal. As that exhibit has already been filed under seal (ECF No. 31), no further action is necessary in this regard.

DATED THIS 22 day of April, 2019.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE