UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARVIN D. RICHARD,

Petitioner,

v.

JERRY HOWELL, *et al.*,

Respondents.

Case No. 2:18-cv-00181-KJD-NJK

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (ECF NO. 52), AND DENYING MOTION FOR EVIDENTIARY HEARING (ECF NO. 57)**

Introduction

In this habeas corpus action, brought by Nevada prisoner Marvin D. Richard, the respondents have filed a motion to dismiss. The Court will grant that motion in part and deny it in part, and will deny Richard's motion for an evidentiary hearing, as is explained below.

Background

On October 13, 2010, Richard was convicted, after a jury trial, in Nevada's Eighth Judicial District Court, in Clark County, of second-degree murder with use of a deadly weapon, and he was sentenced to 10 to 25 years in prison for the murder and an additional and consecutive 3 to 8 years for the use of a deadly weapon. *See* Judgment of Conviction, Exh. 2 (ECF No. 9-2). The conviction was the result of Richard's killing, by stabbing, of his long-time live-in girlfriend, Loreal Goodwin.

Richard appealed. *See* Fast Track Statement, Exh. 3 (ECF No. 9-3). The Nevada Supreme Court affirmed the judgment of conviction on June 8, 2011. *See* Order of Affirmance, Exh. 6 (ECF No. 9-6). The remittitur was issued on July 5, 2011. *See* Remittitur, Exh. 7 (ECF No. 9-7).

Richard filed a *pro se* state habeas petition on February 21, 2012. *See* Petition for Writ of Habeas Corpus, Exh. 8 (ECF No. 9-8). Counsel was appointed for Richard, and, with counsel, Richard filed a supplemental petition. *See* Supplemental Petition for Post-Conviction Writ of Habeas Corpus, Exh. 11 (ECF Nos. 9-11, 10-1, 10-2); Amended Supplemental Petition for Post-Conviction Writ of Habeas Corpus, Exh. 13 (ECF No. 10-4). The state district court held an evidentiary hearing on August 28, 2014. *See* Transcript of Evidentiary Hearing, Exh. 161 (ECF No. 40-1). After the evidentiary hearing, the court appointed an expert on battered-spouse syndrome to evaluate Richard. *See* Order Appointing Dr. Shera Bradley, Ph.D., as Court Appointed Psychologist, Exh. 17 (ECF No. 11-2). The court ordered supplemental briefing, and Richard filed a second supplemental petition. *See* Second Supplemental Petition for Writ of Habeas Corpus, Exh. 18 (ECF No. 11-3). Then, after entertaining oral argument (*see* Transcript of Proceedings, January 20, 2016, Exh. 180 (ECF No. 40-20)), the state district court denied Richard's petition in a written order filed on August 17, 2016. *See* Findings of Fact, Conclusions of Law and Order, Exh. 22 (ECF No. 11-7). Richard appealed. *See* Appellant's Opening Brief, Exh. 24 (ECF No. 11-9). The Nevada Court of Appeals affirmed the denial of Richard's petition on August 16, 2017. *See* Order of Affirmance, Exh. 28 (ECF No. 11-13). The remittitur was issued on September 11, 2017. *See* Remittitur, Exh. 29 (ECF No. 11-14).

This Court received a *pro se* petition for writ of habeas corpus from Richard, initiating this action, on January 31, 2018; the petition states that it was mailed on January 29, 2018. *See* Petition for Writ of Habeas Corpus, p. 1 (ECF No. 1-1, p. 2). The Court granted Richard's motion for appointment of counsel, and appointed counsel to represent him. *See* Order entered February 9, 2018 (ECF No. 4). With counsel, Richard filed a first amended petition on March 23, 2018 (ECF No. 8), a second amended petition on October 4, 2018 (ECF No. 18), and a third amended petition, his operative petition, on April 22, 2019 (ECF No. 50).

In his third amended petition, Richard asserts the following grounds for habeas corpus relief:

    1A.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure "to call lay witnesses in support of the theory of self-defense."

    1B.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure "to present expert evidence regarding psychological issues involving intimate partner violence."

    1C.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because "trial counsel tricked Mr. Richard into testifying in his defense."

    1D.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because "counsel didn't ask Mr. Richard about Ms. Goodwin's aggressive nature."

    1E.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because "counsel failed to follow up on juror tampering."

    1F.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, on account of his trial counsel's failure "to litigate the issue whether the police acted in bad faith when they failed to test Mr. Richard's blood."

    2.    Richard's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because of trial counsel's failure to present certain evidence in mitigation at Richard's sentencing.

    3.    Richard's federal constitutional rights were violated because, when he decided to testify at trial, Richard "did not knowingly and voluntarily waive his right against self-incrimination."

    4.    Richard's federal constitutional rights were violated because "[t]he jury's verdict was contaminated by juror misconduct and tampering."

    5.    Richard's federal constitutional rights were violated because "[t]he State failed to preserve material evidence by not testing Mr. Richard's blood, it made that decision in bad faith, and the relevant detective lied about that under oath."

    6.    Richard's federal constitutional rights were violated because "[t]he State failed to timely turn over relevant discovery to defense counsel."

Third Amended Petition (ECF No. 51), pp. 11–35.

On May 22, 2019, Respondents filed their motion to dismiss (ECF No. 52), arguing that Grounds 1C, 1D and 3 of Richard's third amended petition are barred by

the statute of limitations, and that Grounds 1B,1C, 1D, 1E, 1F, 3, 4 and 5 are, in part or in their entirety, unexhausted in state court. Richard filed an opposition to the motion to dismiss on September 20, 2019 (ECF No. 55). Respondents filed a reply on October 14, 2019 (ECF No. 59).

On September 20, 2019, with his opposition to the motion to dismiss, Richard filed a motion for evidentiary hearing (ECF No. 57). Respondents filed an opposition to that motion on October 3, 2019 (ECF No. 58), and Richard replied on October 22, 2019 (ECF No. 60).

Discussion

Statute of Limitations

Respondents argue in their motion to dismiss that Grounds 1C, 1D and 3 of Richard's third amended petition are barred by the statute of limitations. *See* Motion to Dismiss (ECF No. 52), pp. 7–10.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions; the statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is also subject to equitable tolling; a habeas petitioner is entitled to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Richard's conviction became final, and the limitations period for his federal habeas petition began to run, on September 6, 2011, 90 days after the Nevada Supreme Court ruled on his direct appeal. The limitations period ran for 168 days, from September 6, 2011, to February 21, 2012, when Richard initiated his state habeas action. The limitations period was tolled, under 28 U.S.C. § 2244(d)(2), from February 21, 2012, to September 11, 2017, when the remittitur was issued after the Nevada Court of Appeals ruled on the appeal in Richard's state habeas action. The limitations period began to run again on September 12, 2017, and it expired 197 days later, on March 28, 2018. Richard filed his original and first amended petitions before the limitations period expired; he filed his second and third amended petitions after the limitations period expired. This much is undisputed. *See* Motion to Dismiss (ECF No. 52), pp. 7–8; Opposition to Motion to Dismiss (ECF No. 55), p. 1; *see also* First Amended Petition (ECF No. 8), p. 2.

Therefore, the question whether Grounds 1C, 1D and 3 of Richard's third amended petition were timely, under the statute of limitations, turns on whether those claims relate back to the timely-filed original petition or first amended petition. In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back

(and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

In Ground 1C, Richard claims that his federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel tricked him into testifying at trial. *See* Third Amended Petition (ECF No. 51), pp. 25–26. He claims that his trial counsel wanted him to testify, and he agreed to do so only if counsel called other witnesses. *See id.* He claims that he testified, but his trial counsel broke their agreement by not calling any other witnesses to testify. *See id.* Richard argues that Ground 1C relates back to Grounds 4A and 4B of his first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 55), pp. 2–4. However, while Grounds 4A and 4B of the first amended petition include allegations that Richard's trial counsel failed to call certain witnesses, there is no mention in those claims of Richard's decision to testify. *See* First Amended Petition (ECF No. 8), pp. 16–32. Grounds 4A and 4B of the first amended petition do not share a common core of operative facts with Ground 1C of the third amended petition. Richard also argues that Ground 1C relates back to Ground 3 of the first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 55), pp. 2–4. In Ground 3 of the first amended petition, Richard claims that the prosecution presented out-of-court statements of the victim, violating his federal constitutional rights. First Amended Petition (ECF No. 8), pp. 14–16. That claim, however, included no mention of trial counsel's failure to call witnesses, and it included only a passing allegation that the admission of the out-of-court statements may have affected Richard's decision to testify. *Id.* at 16. Ground 3 of the first amended petition does not share a common core of operative facts with Ground 1C of the third amended petition. The Court, then, determines that Ground 1C does not relate back to Richard's timely filed original and first amended petitions, and is barred by the statute of limitations. The Court will grant the motion to dismiss with respect to Ground 1C.

In Ground 1D, Richard claims that his federal constitutional rights were violated as a result of ineffective assistance of his trial counsel, because his trial counsel did not, in examining him, ask about the victim's aggressive nature. *See* Third Amended Petition (ECF No. 51), pp. 26–27. Richard argues that Ground 1D relates back to Ground 4B of his first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 55), p. 4. Ground 4B, though, does not involve Richard's testimony, or his trial counsel's questioning of him. *See* First Amended Petition (ECF No. 8), pp. 29–32. Ground 4B of the first amended petition and Ground 1D of the third amended petition do not share a common core of operative fact. Ground 1D does not relate back to Richard's timely filed original and first amended petitions and is barred by the statute of limitations. The Court will grant the motion to dismiss with respect to Ground 1D.

In Ground 3, Richard claims that his federal constitutional rights were violated because, when he decided to testify, he did not knowingly and voluntarily waive his right against self-incrimination. *See* Third Amended Petition (ECF No. 51), p. 32. This claim is based on the same allegation as Ground 1C: that Richard's trial counsel misled him to believe that if he testified counsel would call other witnesses. *See id.* Richard argues that Ground 3, like Ground 1C, relates back to Grounds 3, 4A and 4B of his first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 55), pp. 4–5. The Court, however, finds that Grounds 3, 4A and 4B of Richard's first amended petition do not share a common core of operative facts with either Ground 1C or Ground 3. Ground 3 does not relate back to the timely-filed original and first amended petitions and is barred by the statute of limitations, and the Court will therefore grant the motion to dismiss with respect to Ground 3.

<u>Exhaustion and Procedural Default</u>

Respondents argue in their motion to dismiss that Grounds 1B, 1C, 1D, 1E, 1F, 3, 4 and 5 of Richard's third amended petition are, in part or entirely, unexhausted in state court. *See* Motion to Dismiss (ECF No. 52), pp. 10–14.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

<u>Ground 1B</u>

Ground 1B has been exhausted in state court. Ground 1B is Richard's claim that his federal constitutional rights were violated as a result of ineffective assistance of counsel, on account of his trial counsel's failure "to present expert evidence regarding psychological issues involving intimate partner violence." Third Amended Petition (ECF No. 51), pp. 19–25. Richard asserted a similar claim in state court. *See* Supplemental Petition for Post-Conviction Writ of Habeas Corpus, Exh. 11 (ECF Nos. 9-11, 10-1, 10-2); Amended Supplemental Petition for Post-Conviction Writ of Habeas Corpus, Exh. 13 (ECF No. 10-4); Transcript of Evidentiary Hearing, Exh. 161 (ECF No. 40-1); Second Supplemental Petition for Writ of Habeas Corpus, Exh. 18 (ECF No. 11-3); Transcript of Proceedings, January 20, 2016, Exh. 180 (ECF No. 40-20); Findings of Fact, Conclusions of Law and Order, Exh. 22 (ECF No. 11-7); Appellant's Opening Brief, Exh. 24 (ECF No. 11-9). A claim is unexhausted if, in federal court, it is fundamentally altered such as to place it in a significantly different and stronger evidentiary posture than when the state court considered it. *See Dickens v. Ryan*, 740 F.3d 1302, 1318–19 (9th Cir. 2014) (en banc). While Richard has changed the emphasis of this claim somewhat, and supports it with new argument and evidence, the Court finds that Richard has not

8

changed the claim so as to render it significantly different and stronger. The Court determines that Ground 1B is exhausted in state court. The Court will, therefore, deny the motion to dismiss with respect to Ground 1B.

Ground 5

In Ground 5, Richard claims that his federal constitutional rights were violated because "[t]he State failed to preserve material evidence by not testing Mr. Richard's blood, it made that decision in bad faith, and the relevant detective lied about that under oath." Third Amended Petition (ECF No. 51), pp. 33–34. Respondents argue that the portion of this claim asserting that the detective lied under oath is unexhausted in state court. *See* Motion to Dismiss (ECF No. 52), p. 12. Respondents' argument is accurate. On his direct appeal, Richard asserted his claim that the State failed, in bad faith, to preserve material evidence by not testing Richard's blood, but he did not claim that the detective lied. *See* Fast Track Statement, Exh. 3, pp. 9–11 (ECF No. 9-3, pp. 10–12). Richard's claim that the detective lied under oath is unexhausted in state court.

In his opposition to the motion to dismiss, Richard argues that if he were now to return to state court to attempt to exhaust his unexhausted claims, his claims would be procedurally barred in state court. *See* Opposition to Motion to Dismiss (ECF No. 55). Therefore, Richard argues, the claims he has not yet presented in state court are technically exhausted, but subject to the procedural default doctrine. *See id.*

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only

if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

The Court determines, then, that the part of Ground 5 asserting that Richard's federal constitutional rights were violated because the detective lied under oath is technically exhausted but is subject to dismissal as procedurally defaulted. Richard does not make any colorable argument that there was cause for the default. *Martinez*

does not apply to this claim because it is not a claim of ineffective assistance of trial counsel.

The Court, therefore, will grant the motion to dismiss with respect to the part of Ground 5 asserting that Richard's federal constitutional rights were violated because the detective lied under oath and will dismiss that claim.

### Grounds 1C, 1D, 1E, 1F, 3 and 4

Next, Respondents point out that, in his third amended petition, Richard concedes that Grounds 1C, 1D, 1E, 1F, 3 and 4 have not been exhausted in state court. *See* Motion to Dismiss (ECF No. 52), p. 13; *see also* Third Amended Petition (ECF No. 51), pp. 11, 32–33.

Regarding Grounds 1C, 1D and 3, as is discussed above, those claims will be dismissed as barred by the statute of limitations; therefore, the Court does not address the question whether they are exhausted or procedurally defaulted.

Regarding Grounds 1E, 1F and 4, in his response to the motion to dismiss, Richard argues that those claims are technically exhausted but subject to the procedural default doctrine, and he argues that he can overcome the procedural defaults by showing cause and prejudice under *Martinez*. Opposition to Motion to Dismiss (ECF No. 55), pp. 24–30.

Ground 4 is not a claim of ineffective assistance of trial counsel. Rather, it is a claim that Richard's federal constitutional rights were violated because "[t]he jury's verdict was contaminated by juror misconduct and tampering." Third Amended Petition (ECF No. 51), p. 33. *Martinez* does not apply to such a claim, and, Richard does not make any other colorable argument that he can overcome the procedural default of Ground 4. Therefore, the Court will grant the motion to dismiss with respect to Ground 4 and will dismiss that claim as procedurally defaulted.

Grounds 1E and 1F are claims of ineffective assistance of trial counsel. *See* Third Amended Petition (ECF No. 51), pp. 27–31. Regarding these claims, then, Richard might be able to overcome the procedural default by showing that his state

post-conviction counsel was ineffective for not asserting the claims. However, the Court determines that these issues – whether Richard can overcome the procedural defaults of Grounds 1E and 1F under *Martinez* – are intertwined with the merits of Grounds 1E and 1F, such that they will be better addressed in conjunction with the merits of those claims, after Respondents file an answer and Richard files a reply. Therefore, the Court will deny Respondents' motion to dismiss Grounds 1E and 1F, without prejudice to Respondents raising their exhaustion and procedural default defenses to those claims in their answer.

<u>Motion for Evidentiary Hearing</u>

Richard filed a motion for evidentiary hearing (ECF No. 57), requesting an evidentiary hearing on the question whether, under *Martinez*, he can show cause and prejudice for his procedural defaults. However, as the Court determines that those issues will be better addressed in conjunction with the merits of Richard's claims, after Respondents file an answer and Richard files a reply, the Court will deny Richard's motion for evidentiary hearing with respect to the motion to dismiss, without prejudice to him moving for an evidentiary hearing when he files his reply to Respondents' answer, as contemplated in the schedule set forth in the order entered on March 29, 2018 (ECF No. 14).

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 52) is **GRANTED IN PART AND DENIED IN PART**. The following claims in Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 51) are dismissed: Grounds 1C, 1D, 3 and 4, and the part of Ground 5 asserting that Richard's federal constitutional rights were violated because the detective lied under oath. In all other respects, the Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary Hearing (ECF No. 57) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer, responding to Petitioner's remaining claims. In all other respects the schedule for further proceedings set forth in the order entered March 29, 2018 (ECF No. 14) will remain in effect.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Jerry Howell for Jo Gentry as the respondent warden, on the docket for this case.

DATED THIS 5 day of November, 2019.

KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE

13